IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHAD MICHAEL WIESS                                                                       PLAINTIFF

v.                            Civil No. 06-5021

CAPTAIN PETRAY;
LT. CARTER; SGT.
FAULKENBERRY; and
SGT. ADAMS all of the
Benton County Detention Center                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Chad Michael Wiess filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on February 6, 2006. His complaint was filed in forma pauperis (IFP). When he filed the complaint, he was incarcerated at the Benton County Detention Center (BCDC).

On March 15th and March 17th, mail sent to Wiess at the BCDC was returned as undeliverable. On March 20, 2006, the defendants filed a motion to dismiss (Doc. 18). In their motion, defendants state they have been unable to effect service of interrogatories and requests for production on the plaintiff. They indicate all mail they have sent to him has been returned as undeliverable. Defendants move to dismiss this case pursuant to the provisions of Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas on the grounds the plaintiff has failed to keep the court and the defendants apprised of his current address.

Local Rule 5.5(c)(2) provides in part as follows: "Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

Wiess has not communicated with the court and no other address for the plaintiff appears in the file. I therefore recommend that defendants' motion to dismiss be granted and Wiess' claims be dismissed on the grounds he has failed to prosecute this action and obey the rules of the court requiring him to keep the court informed of his address. *See* Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March of 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE